UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00434-MRA-KES | Date | October 23, 2026 |
| Title | *Lylia Delgado v. Nissan North America, Inc.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Priscilla Deason for Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [9]**

Before the Court is Plaintiff's Motion to Remand. ECF 9. The Court read and considered the briefing related to the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff Lylia Delgado filed this action on January 2, 2026, in Orange County Superior Court. ECF 1-2. Plaintiff brings claims against Defendants Nissan North America, Inc. ("Nissan" or "Defendant") and Does 1 through 10 for violations of the Song-Beverly Act ("SBA") under California Civil Code §§ 1790 *et seq*. *Id.* ¶¶ 23-64. Plaintiff's claims stem from her purchase of a 2024 Nissan Versa (the "Subject Vehicle") on or about February 24, 2024. *Id.* ¶ 8. Plaintiff alleges that after purchase, the Subject Vehicle began manifesting various defects, including "engine, emission, electrical, structural, suspension, and transmission" defects, and that Plaintiff presented the Subject Vehicle for repairs on multiple occasions. *Id.* ¶¶ 10-17. The complaint asserts that the "amount paid/payable by Plaintiff for the Subject Vehicle" is $41,657.60 and includes the Vehicle's milage at the time of each repair attempt. *Id.* ¶ 8, 11-17. Plaintiff seeks actual damages "according to proof at trial," rescission of the purchase contract and restitution, diminution in value, consequential and incidental damages according to proof, a civil penalty two times the amount of actual damages, attorney's fees and costs, and "such other and further relief as the Court deems just and proper[.]" *Id.* at 10.

On February 24, 2026, Nissan removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. ECF 1. Plaintiff filed the instant Motion on the basis that the removal was untimely. ECF 9. Nissan opposes the Motion, ECF 11, and Plaintiff replied in

support, ECF 13.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction to hear an action where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

In addition, a notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). If the complaint does not reveal the grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" that reveals removability on its face. 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This "other paper" must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021).

## III. DISCUSSION

Plaintiff argues that Defendant's removal was untimely under 28 U.S.C. § 1446(b) because the amount in controversy was ascertainable from the face of the complaint. ECF 9.[1] Defendant counters that the removal was timely because the complaint did not provide sufficient information to trigger the 30-day removal period under § 1446(b)(1). ECF 11 at 11-14.

With respect to the timing of removal, "[t]here are two different potential . . . deadlines." *Franklin v. Healthsource Glob. Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first potential deadline is triggered if an initial

[1] Despite this, Defendant's opposition spends considerable time defending the substance of the removal, arguing that Nissan has met its burden in showing the parties are diverse and the estimated amount in controversy is over $75,000. *See* ECF 11 at 3-11. As Plaintiff does not challenge whether Defendant has met its substantive burden, the Court does not address these arguments and only addresses Defendant's arguments regarding whether the removal was timely. *See id.* at 11-14.

pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris*, 425 F.3d at 691; *see also* 28 U.S.C. § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573 PA (Ex), 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024). The second potential deadline for removal is triggered "after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). Beyond those two deadlines, a defendant may remove a case where it "could have ventured beyond the pleadings to demonstrate removability initially[.]" *Kuxhausen*, 707 F.3d at 1141 n.3. However, it is not "obligated to do so." *Id.* In *Kuxhausen*, the Ninth Circuit explained that a defendant is not obligated to "look[] in its files within the first thirty days" after a case is filed to determine removability because the court preferred a "clear rule" and was "unwilling to embroil the courts in inquiries 'into the subjective knowledge of [a] defendant[.]'" *Id.* at 1141 (quoting *Harris*, 425 F.3d at 695). Therefore, in *Kuxhausen*, the court "decline[d] to hold that materials outside the complaint start the thirty-day clock." *Id.*

The Court agrees with Defendant that removal was timely. The complaint does not state the specific amount of damages sought by Plaintiff. Rather, the complaint provides the Subject Vehicle's sale price and mileage at the time of various repair attempts. ECF 1-2. Under the SBA, damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1). The complaint seeks, *inter alia*, "civil penalties in the amount of two times Plaintiff's actual damages" as well as fees and costs. ECF 9 at 10. Plaintiff argues that by applying "a reasonable amount of intelligence" and conducting a simple "arithmetic calculation," Defendant could have ascertained the case was removable based on the complaint alone. *Id.* (citing *Kuxhausen*, 707. F.3d at 1140). However, this information, on its own, is insufficient to start the 30-day removal clock under § 1446(b)(1). Plaintiff alleges "[t]he amount paid/payable by the Plaintiff for the Subject Vehicle, as reflected in the sales contract, is $41,657.60." ECF 1-2 ¶ 8. But the complaint is indeterminate as to whether this amount represents the total sale price or the cash price of the vehicle,[2] or whether it includes fees not recoverable under the SBA. As such, it is not clear whether the actual damages, including any relevant mileage offset, can be calculated from this figure alone. *See Picasso v. Ford Motor Co.*, No. 2:24-cv-10743-MCS-AS, 2025 WL 1722085, at *2 (C.D. Cal. Feb. 24, 2025) ("[T]he total sale price does not provide an

[2] The purchase agreement shows that $41,657.60 is, in fact, the *total* sale price for the Subject Vehicle, including all financing costs and fees. *See* ECF 11-1, Declaration of Jeck Dizon (Dizon Decl.) ¶ 7; ECF 11-4 (providing a copy of the purchase agreement as Ex. C). The cash price of the Subject Vehicle is $22,855.00. *Id.*

appropriate starting point for the estimate of actual damages" as it includes finance charges and other fees not included in the "price paid or payable[.]"); *Jones v. FCA US, LLC*, No. CV 22-859-JFW(GJSx), 2022 WL 1154534, at *2 (C.D. Cal. April 18, 2022) (finding damages estimate "speculative and unsupported by evidence" when calculated using only the total sale price of the vehicle); *Zatar v. General Motors LLC*, No. 2:25-cv-10272-HDV-AGR, 2026 WL 263200, at *2 (C.D. Cal. Jan. 28, 2026) (using cash price, rather than total sale price, to calculate mileage offset).

In addition, the complaint fails to allege any facts Nissan could have used to determine whether the unpaid financing offset applied. *See Picasso*, 2025 WL 1722085 at *2 ("Plaintiff obtained the vehicle with the support of a significant amount of financing . . . . 'the actual price paid or payable by the buyer includes only *paid* finance charges,' not finance charges that have yet to accrue."); *Lopez v. General Motors*, LLC, No. CV 25-06549-MWF(MAAx), 2025 WL 2629545, at *3 (C.D. Cal. Sept. 11, 2025) ("Defendant was entitled to deduct the new offsets authorized by the SBA in addition to the typical mileage offset under the SBA in order to calculate the amount in controversy . . . . [a]t the very least, Defendant could not have calculated the unpaid financing offset without the loan payment history[.]"); *Gonzalez v. Ford Motor Co.*, No. 2:26-cv-00341-SPG-MBK, 2026 WL 1004839, at *2 (C.D. Cal. April 13, 2026) (complaint did not trigger removal deadline where "[p]laintiff disclosed the purchase price of the Vehicle" but not "the vehicle's payoff history"). Because the complaint does not include "sufficient information from which [Nissan] could reliably calculate actual damages, any estimate of civil penalties was equally uncertain." *Crescenio v. Ford Motor Co.*, No. CV 24-10946-MWF (BFMx), 2025 WL 1122096, at *3 (C.D. Cal. April 9, 2025).

The Court notes that whether a complaint contains sufficient allegations to start the 30-day removal clock is a separate question from whether removal by a defendant was substantively proper. "[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are *not* two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n. 3 (emphasis added); *see also Dietrich*, 14 F.4th at 1094 ("[A] defendant *may* remove before it *must* do so.") (citing *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013)). This "bright-line" rule, *Harris*, 425 F.3d at 697, serves important policy interests:

> As explained in *Kuxhausen*, "[t]his principle helps avoid a 'Catch–22' for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all, because . . . the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00434-MRA-KES | Date | October 23, 2026 |
| Title | *Lylia Delgado v. Nissan North America, Inc.* | | |

*Crescencio*, 2025 WL 1122096 at *4 (quoting *Kuxhausen*, 707 F.3d at 1141) (internal quotations omitted)). Thus, in applying this rule, courts must be "mindful of the imbalance that would result from allowing a plaintiff to start the removal clock with a complaint that fails to include" allegations relevant to applicable offsets "and then argue in a motion to remand that a defendant's damages calculations are speculative for failure to account for the actual purchase price" or applicable offsets. *Covarrubias v. Ford Motor Co.*, No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *3 (C.D. Cal. March 24, 2025). The Court finds persuasive those courts in this District which have "adopted a stricter application" of the standard governing the removal clock, *Crescencio*, 2025 WL 1122096 at *4, in order to avoid this "Catch-22."

## IV. CONCLUSION

For the foregoing reasons, the Motion to Remand [9] is **DENIED**.

It is further **ORDERED** that the parties file a Joint Supplemental 26f Report of no more than **five (5) pages** with any updates to the original 26f Report (ECF 10) and a separate proposed Schedule of Pretrial Dates Worksheet (available on the Court's procedures page) within **seven (7) days** of this Order to account for the Court's delay in resolving this Motion. The Court shall issue a Civil Trial Order upon receiving the parties' proposed pretrial dates.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk Pd/mku